IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-689-GCM
(3:03-cr-231-GCM-DCK-8)

| | |
|---|---|
| JOSE RAMON ALMONTE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of the petition for a writ of error coram nobis that was filed by Petitioner pursuant to the All Writs Act, 28 U.S.C. § 1651. For the reasons that follow, the petition will be denied.

On April 19, 2005, Petitioner entered into a plea agreement with the Government and agreed to plead guilty to count one in his bill of indictment which alleged that Petitioner and numerous co-defendants engaged in a conspiracy to possess with intent to distribute a large quantity of cocaine and marijuana in this district, all in violation of 21 U.S.C. § 846. (3:03-cr-231, Doc. No. 352: Plea Agreement). Petitioner entered his guilty plea that same day. Petitioner was sentenced to a term of 120-months imprisonment and a 5-year term of supervised release and he appealed. (Id., Doc. No. 498: Judgment in a Criminal Case). Petitioner's judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on December 28, 2006. United States v. Almonte, 211 F. App'x 195 (4th Cir. 2006) (unpublished). On December 18, 2007, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in this district. On June 10, 2008, the Court granted the Petitioner's motion to dismiss the §

1

2255 motion without prejudice. (3:07-cv-530-GCM, Doc. No. 17).

According to the present petition, Petitioner served nearly 9-years of his 120-month sentence and he is now in the custody of the Bureau of Immigration and Customs Enforcement as of January 25, 2013. Petitioner asserts that he has been charged with removability from the United States based on a prior conviction for an aggravated felony and he is presently in removal proceedings. (3:13-cv-689, Doc. No. 1 at 2). Petitioner contends that he should be entitled coram nobis relief because his trial counsel never advised him of the possible deportation consequences upon conviction for an aggravated felony drug offense. Petitioner states that if he had known of the deportation consequences he would have elected to plead not guilty and proceeded to trial. In addition, Petitioner contends that he has no other remedies except through a § 1651 proceeding.

Coram nobis relief is a remedy of last resort and is limited to errors "'of the most fundamental character' and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). A petitioner filing for coram nobis relief must satisfy four conditions: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Id. (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

A petitioner seeking relief pursuant to a writ of coram must no longer be in custody in order to obtain relief pursuant to 28 U.S.C. § 1651. However, as Petitioner appears to still be on supervised release, then he remains in custody for the purpose of obtaining relief under § 1651. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996) ("Moreover, '[t]he All Writs Act is a

residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, not the All Writs Act, that is controlling."). See also United States v. Smith, 77 App'x 180 (4th Cir. 2003) (unpublished) (affirming the denial of a writ of coram nobis based on Petitioner's supervised release status) (citing United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) and (United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000)).

The Court finds that as Petitioner is presently on supervised release, and therefore in custody, then he may seek relief by filing a motion to vacate pursuant to 28 U.S.C. § 2255 or a petition for habeas corpus under 28 U.S.C. § 2241. For the reasons stated herein, the petition for a writ of coram nobis will be denied.

**IT IS, THEREFORE, ORDERED** that the petition for a writ of coram nobis is **DENIED**. (Doc. No.1).

Signed: April 4, 2014

Graham C. Mullen
United States District Judge